977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Patrice Trinette GILMORE, Defendant-Appellant.
 No. 92-5171.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 22, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.
 Christopher J. Paull, Cipriani & Paull, L.C., Wellsburg, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Patrice Trinette Gilmore pled guilty to possession of crack cocaine with intent to distribute in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992) and 18 U.S.C. § 2 (1988). She appeals her sentence. We affirm.
 
 
 2
 Gilmore's plea agreement called on her to provide truthful statements and testimony if requested to do so; in return, the government promised to advise the sentencing court of her forthrightness and truthfulness or lack thereof. At the sentencing hearing, defense counsel conceded that the plea agreement contained no promise to make a motion for a downward departure for substantial assistance under Guideline section 5K1.1,[1] and that the decision to make a motion was within the prosecutor's discretion. He nonetheless urged the district court to depart on the ground that Gilmore had provided substantial assistance and that the prosecutor's arbitrary and capricious refusal to make a section 5K1.1 motion was a circumstance not adequately considered by the Sentencing Commission.
 
 
 3
 The district court found that the plea agreement did not obligate the government to make a substantial assistance motion and declined to depart in the absence of a government motion. The court also declined to inquire into the government's reasons for refusing to make the motion.
 
 
 4
 Subsequently, the Supreme Court held in Wade v. United States, 60 U.S.L.W. 4389 (U.S. 1992), that in the absence of a promise to make a substantial assistance motion, the district court may review a government decision not to make the motion, but may grant a remedy only if the decision was based on an unconstitutional reason such as race or religion. Gilmore contends in this appeal that the issue of unconstitutional motive was not waived by her failure to raise it below because she was denied the opportunity to develop evidence of an unconstitutional motive on the part of the government. She requests a remand for an evaluation of the government's motives in failing to make a section 5K1.1 motion. Alternatively, she argues that the plea agreement entitled her to the motion.
 
 
 5
 Wade requires a defendant to make a substantial threshold showing of unconstitutional motive before the district court must allow discovery or hold an evidentiary hearing. 60 U.S.L.W. at 4390. Gilmore was not prevented from making such a showing in the district court, but failed to do so. In requesting a departure, she relied on the extent of her cooperation. Therefore, we find that the issue of unconstitutional motive has been waived, see United States v. Davis, 954 F.2d 182 (4th Cir. 1992), and do not consider it on appeal.[2] The district court correctly determined that the plea agreement contains no promise to move for a substantial assistance departure in return for Gilmore's cooperation.
 
 
 6
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 Gilmore is free to pursue the issue in a motion to vacate under 28 U.S.C. § 2255 (1988)